UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

INTERNATIONAL LABELS, LLC,                                  Docket No.: _____

                                        *Plaintiff*,

                                                            **COMPLAINT AND DEMAND FOR**
            -against-                                       **JURY TRIAL**

SPORTLIFE BRANDS LLC, ELIE LEVY,
EDDIE DAYAN, MICHAEL KASSIN,
BLACKVIEW CAPITAL, LLC, FOREVER
BEAUTY NY LLC, STARWOOD BRANDS, LLC,
AMAZON.COM INC., BEALL'S OUTLET
STORES, INC., BOSCOV'S INC.,
BURLINGTON STORES INC.,
GROUPON INC., MARSHALLS OF MA, INC.,
MOBESANO LLC, NORDSTROM, INC.,
ROSS STORES, INC., and
T.J. MAXX INC.,

                                        *Defendants*.
----------------------------------------------------------------X

          Plaintiff, INTERNATIONAL LABELS, LLC, by and through its attorney, Joel

Scott Ray, Esq., by way of complaint against the Defendant, respectfully alleges:


                              **THE PARTIES**

          1.      Plaintiff, International Label, LLC ("Plaintiff"), is a limited liability

company that exists pursuant to the laws of the State of New York with its principal place of

business at 410 Park Avenue, Ste. 1630, New York, New York.

          2.      Defendant, SportLife Brands LLC, is a domestic limited liability company

existing pursuant to the laws of the State of New York, and whose principal place of business is

42nd West 39th Street, New York, NY 10018, USA.

                                        1

3.      Defendant, SportLife Brands LLC, is a foreign limited liability company authorized to do business in the State of New York, and whose principal place of business is 42nd West 39th Street, New York, NY 10018, USA.

4.      Defendant, SportLife Brands LLC, is an entity authorized to do business in the State of New York, and whose principal place of business is 42nd West 39th Street, New York, NY 10018, USA.

5.      Defendant, Elie Levy, is an individual who maintains his principal place of business at 42nd West 39th Street, New York, NY 10018, USA.  Upon information and belief, Elie Levy is a member, chairman, CEO and partner of Sportlife Brands LLC, and was directly involved in the misappropriation of Plaintiff's intellectual property as more fully alleged herein.

6.      Defendant, Eddie Dayan, is an individual who maintains his principal place of business at 42nd West 39th Street, New York, NY 10018, USA.  Upon information and belief, Eddie Dayan is a member, CMO and partner of Sportlife Brands LLC, and was directly involved in the misappropriation of Plaintiff's intellectual property as more fully alleged herein.

7.      Defendant, Michael Kassin, is an individual who maintains his principal place of business at 42nd West 39th Street, New York, NY 10018, USA.  Upon information and belief, Michael Kassin is a member, President and partner of Sportlife Brands LLC, and was directly involved in the misappropriation of Plaintiff's intellectual property as more fully alleged herein.

8.      Defendant, Blackview Capital LLC, is a domestic limited liability company existing pursuant to the laws of the State of New York, and whose principal place of business is 164 West 174th Street, Bronx, NY 10453, USA.

9.      Defendant, Blackview Capital LLC, is a foreign limited liability company authorized to do business in the State of New York, and whose principal place of business is 164 West 174th Street, Bronx, NY 10453, USA.

10.     Defendant, Blackview Capital LLC, is an entity authorized to do business in the State of New York, and whose principal place of business is 164 West 174th Street, Bronx, NY 10453, USA.

11.     Defendant, Forever Beauty LLC, is a domestic limited liability company existing pursuant to the laws of the State of New York, and whose principal place of business is 42nd West 39th Street, New York, NY 10018, USA.

12.     Defendant, Starwood Brands LLC, is a domestic limited liability company existing pursuant to the laws of the State of New York, and whose principal place of business is 43rd West 33rd  Street, New York, NY 10018, USA.

13.     Defendant, Amazon.com, Inc., is an authorized foreign business corporation existing pursuant to the laws of the State of Washington, and whose principal place of business is 2021 7th Avenue Seattle, WA 98121, USA.

14.     Defendant, Beall's Outlet Stores, Inc., is an authorized foreign business corporation existing pursuant to the laws of the State of Florida, and whose principal place of business is 1806 38th Avenue, East Bradenton, FL 34208.

15.     Defendant, Boscov's, Inc., is an authorized foreign business corporation existing pursuant to the laws of the State of Pennsylvania, and whose principal place of business is 4500 Perkiomen Ave, Reading , PA, 19606, USA.

16.     Defendant, Burlington Stores, Inc., is an authorized foreign business corporation existing pursuant to the laws of the State of New Jersey, upon information and belief, and whose principal place of business is 1830 US-130, Burlington, NJ 08016, USA.

17.     Defendant, Groupon, Inc., is an authorized foreign business corporation existing pursuant to the laws of the State of Delaware, and whose principal place of business is 600 West Chicago Avenue, Ste. 400, Chicago, Il 60654, USA.

18.     Defendant, Marshalls of MA, Inc., is an authorized foreign business corporation existing pursuant to the laws of the State of Massachusetts, and whose principal place of business is 770 Cochituate Road, Framingham, MA 01701, USA.

19.     Defendant, Mobesano LLC, is a domestic limited liability company existing pursuant to the laws of the State of New York, and whose principal place of business is 1 43rd street, Suite L9, Brooklyn, NY 11232, USA.

20.     Defendant, Mobesano LLC, is a foreign limited liability company authorized to do business in the State of New York, and whose principal place of business is 1 43rd street, Suite L9, Brooklyn, NY 11232, USA.

21.     Defendant, Mobesano LLC, is an entity authorized to do business in the State of New York, and whose principal place of business is 1 43rd street, Suite L9, Brooklyn, NY 11232, USA.

22.     Defendant, Nordstrom, Inc., is, upon information and belief, the parent company and sole owner of Nordstrom Rack, an authorized foreign limited liability company existing pursuant to the laws of the State of Washington, and whose principal place of business is 1700 Seventh Avenue, Ste. 700, Seattle, WA 98101, USA.

23.     Defendant, Ross Stores, Inc., is an authorized foreign limited liability company existing pursuant to the laws of the State of Delaware, and whose principal place of business is 5130 Hacienda Drive, Dublin, CA, 94568, USA.

24.     Defendant, T.J. Maxx Inc., is an authorized foreign business corporation existing pursuant to the laws of the State of Massachusetts, and whose principal place of business is 770 Cochituate Road, Framingham, MA 01701, USA.

25.     Defendant, T.J. Maxx Inc., is an entity authorized to do business in the State of New York, and whose principal place of business is 770 Cochituate Road, Framingham, MA 01701, USA.

## JURISDICTION AND VENUE

26.     This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §1121, 28 U.S.C. §1331, and 29 U.S.C. §1338 in that this case arises pursuant to the Lanham (Trademark) Act, 15 U.S.C. §1051, *et seq*. Jurisdiction over the related state-law claims exists pursuant to 28 U.S.C. §1367.

27.     This Court has personal jurisdiction over Defendant because they conduct business in this judicial district, including committing acts of trademark infringement as alleged herein.

28.     Venue is proper in this district pursuant to 28 U.S.C. §1391 as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## BACKGROUND

**A.      Plaintiff's Donna L'Oren Mark.**

29.     Plaintiff is the assignee and owner of the mark "Donna L'Oren" (the "Donna L'Oren Mark" or the "Mark").

30.     Plaintiff uses and licenses the Donna L'Oren Mark in connection with and in association with the manufacturing and sale of women's clothes, including undergarments, sportswear, women's lingerie and sleepwear.

31.     Plaintiff is the assignee and owner of two federally registered trademarks for the Mark.  The Mark was originally owned and developed by Jumpshot Sportswear Inc.  On February 15, 2005, Jumpshot Sportswear Inc. assigned the Mark to Plaintiff.  Copies of the assignments are attached hereto as **Exhibit A**.

32.     Plaintiff is the assignee and owner of United States Trademark Registration No. 2,422,594 (the "594 Mark") for the Mark for International Class 025, ladies' sportswear, namely dresses, outer coats, shoes, sleepwear and lingerie.   A copy of U.S. Trademark Registration No. 2,422,594 is attached hereto as **Exhibit B**.

33.     Plaintiff is also the assignee and owner of United States Trademark Registration No. 2,424,728 (the "728") for the Mark for International Class 025, clothing for men, women and children namely sleepwear, lingerie, underwear, t-shirts, stockings, and various other garments and undergarments.  A copy of U.S. Trademark Registration No. 2,424,728 is attached hereto as **Exhibit C**.

34.     Since registration Plaintiff uses and continues to use the mark to the present without interruption.  Plaintiff marketed and continues to market as well as sell its goods in commerce using the registered marks.  Plaintiff even entered into licensing agreements working with its licensees through existing licenses to sell the goods.

35.     Through both the Assignor's and Plaintiff's extensive advertising, marketing and promotion, the Mark and its associated derivatives have become distinctive of Plaintiff, and its sale of women's clothing, undergarments, sleepwear, lingerie and sportswear, and the Mark is a valuable business asset of Plaintiff that represent significant goodwill.

36.     The registration of the Donna L'Oren Mark is prima facie evidence of the validity of the mark, of Plaintiff's ownership of the Mark, and of Plaintiff's exclusive right to use the Mark in U.S. commerce.

**B.     Sportlife Defendants Use of the Infringing CASSA Mark.**

37.     Upon information and belief, Defendants, Sportlife Brands LLC ("Sportlife"), Blackview Capital LLC ("Blackview"), Starwood Brands LLC ("Starwood"), Forever Beauty NY LLC ("Forever"), Elie Levy ("Levy"), Eddie Dayan ("Dayan") and Michael Kassin ("Kassin") (collectively referred herein as the "Sportlife Defendants"), are operating and conducting business selling clothes, namely men's and women's sports clothes and under garments in New York.  The Sportlife Defendants are based in New York City at 42 West 39th Street, New York, NY 10018.

38     Upon information and belief, in and around November 8, 2019, Plaintiff discovered for the first time that the Sportlife Defendants were using a substantially similar and colorable imitation of the Donna L'Oren Mark (the "Infringing Donna L'Oren Mark") in connection with men and women sports clothing, sleepwear, undergarments and other clothing (the "Infringing Goods"). The Sportlife Defendants, individually or joint and severally, have been and are currently using the Infringing Donna L'Oren Mark to market, advertise and sell their Infringing Goods.

39.     After discovering the infringing use, Plaintiff found that the Sportlife Defendants are not only using an infringing Mark, but also that Sportlife filed two applications with the U.S. Patent & Trademark Office.  Sportlife filed trademark application, App. No. 87716566, on December 11, 2017 under Sect 1(b) intent-to-use.  Currently the application is suspended waiting for an amendment of proof of actual use in commerce.

40.     Sportlife filed a second trademark application, App. No. 87780623, on February 1, 2018 under the filing basis of Sect. 1(b) intent-to-use.  Currently the application is suspended waiting for an amendment of proof of actual use in commerce.

41.     The Sportlife Defendants upon information and belief, also market and promote their Infringing Goods in connection with the Infringing Donna L'Oren Mark to customers using social medial websites, including Facebook and Twitter.

42.     Plaintiff's use of the Donna L'Oren Mark predates the Sportlife Defendants' use of the Infringing Mark in all geographical areas of the United States.

43.     the Sportlife Defendants, either individually or joint and severally, by use of the internet, and social media, reach the same potential customers, and use the same or similar streams of commerce, as Plaintiff.  The Sportlife Defendants are competing with Plaintiff in similar geographical markets.

44.     The Sportlife Defendants' unauthorized use of the Infringing Donna L'Oren Mark in connection with their Infringing Goods has caused or is likely to cause confusion, mistake, or deception among consumers as to the source, origin or sponsorship of such services and thus, violates Plaintiff's trademark rights.  Consumers have been confused or deceived, and are likely to continue to be consumed or deceived as to the origin or source of the

Sportlife Defendants' goods and as to whether Defendants' goods are provided, sponsored, or endorsed by Plaintiff.

45.     The Sportlife Defendants' infringement of Plaintiff's Donna L"Oren Mark is willful and deliberate, and such infringement is continuing.

**C.     The Retail Defendants Use of the Infringing CASSA Mark.**

46.     Upon information and belief, Defendants, Amazon.com Inc. ("Amazon"), Beall's Outlet Stores, Inc. ("Beall's"), Boscov's Inc. ("Boscov's"), Burlington Stores Inc. ("Burlington"); Groupon Inc. ("Groupon"), Marshalls of MA, Inc. ("Marshalls"), Mobesano, LLC ("Mobesano"), Nordstrom, Inc. ("Nordstrom"), Ross Stores, Inc. ("Ross") and T.J. Maxx Inc. ("TJ MAXX") (collectively referred herein as the "Retail Defendants"), all have employees based in New York State and City, with offices, warehouses, distribution centers and retail outlets in New York City.  The Retail Defendants market and sell the Sportlife Defendants' Infringing Goods through their websites that reach millions of customers in New York State and City and in this District.

47.     At all relevant times, the Retail Defendants advertised their goods, including the Infringing Goods and targeted New York and this District.

48.     At all relevant times, each of the Retail Defendants own and operate a fully interactive retail e-commerce website, Amazon: www.amazon.com; Beall's: www.beallsoutlet.com; Boscov's: www.boscovs.com; Burlington: www.beallsoutlet.com; Groupon: www.groupon.com; Marshalls: www.marshalls.com; Mobesano: www.mobesano.com; Nordstrom: www.nordstromrack.com; Ross: www.rossstores.com; TJ MAXX: tjmaxx.tjx.com.  Those websites solicit, engage in, and facilitate regular business on a

nationwide scale, including specifically in New York and this District, and include marketing and selling a substantial amount of the Infringing Goods.

49.     The Retail Defendants sold and/or offered for sale the Infringing Goods described in this Complaint through their websites, thereby placing the Infringing Goods into the stream of commerce intending that the Infringing Goods would be purchased by consumers with access to the Internet, including New York citizens residing in this judicial district.

50.     Upon information and belief, The Retail Defendants contracted with numerous businesses in this District to provide location targeted marketing and sales in this District.

## AS AND FOR A FIRST CLAIM
## AGAINST DEFENDANTS
### (Trademark Infringement 15 U.S.C. § 1114)

51.     Plaintiff repeats, realleges and reiterates each and every allegations contained in Paragraphs "1" though "50" of the Complaint.

52.     Plaintiff holds a valid and existing federal registration for the trademark Donna L'Oren and those derived or otherwise related marks thereto.

53.     Plaintiff has built tremendous goodwill in these marks, which goodwill represents a substantial and valuable business asset.

54.     The Sportlife Defendants, individually or joint and severally, have marketed, advertised, sold and managed, and continue to market, develop, advertise, operate, sell and manage their clothing business using the Donna L'Oren mark.  Those goods and services are advertised or otherwise held out to the world through the internet, including at least through the Sportlife Defendants' websites.

55. The Retail Defendants, individually or joint and severally, have marketed, advertised and sold, and continue to market, advertise, and sell the Infringing Goods, and advertised or otherwise hold out to the world through the internet, including at least through their websites.

56. Defendants', whether individually or joint and severally, use of the Donna L'Oren mark is done without the authorization or consent of Plaintiff and constitutes trademark infringement under 15 U.S.C. § 1114. The Donna L'Oren mark used by Defendants constitute a reproduction, counterfeit, copy, or colorable imitation of Plaintiff's registered mark and its use by Defendants are likely to cause confusion, or to cause mistake, or to deceive consumers.

57. Plaintiff has been damaged by Defendants' use of the Donna L'Oren mark and it will continue to suffer damage and irreparable harm, for which it has no adequate remedy at law, unless Defendants are immediately and permanently enjoined from any further use of the Donna L'Oren mark and any further marketing, advertising, and selling of goods bearing the Donna L'Oren Mark and the Sportlife Defendants from any further use in their clothing business bearing the Donna L'Oren mark.

58. Defendants, either individually or joint and severally, have wrongfully profited from their use of the Donna L'Oren mark through their marketing, developing, advertising, selling and managing of their businesses using the Donna L'Oren mark.

59. Defendants' actions, as alleged herein, constitute willful infringement. Defendants' infringement continues despite their actual knowledge of Plaintiff's trademark rights and, upon information and belief, is being done with the intent to cause confusion, mistake or deception among consumers.

60.     Plaintiff is entitled to an injunction against all Defendants from the continued use of the Donna L'Oren mark and an accounting to determine the gross sales made by Defendants, and the compensatory and punitive damages suffered by Plaintiff's Donna L'Oren mark in an amount to be determined at trial, including interest, costs, and attorney fees.

61.     Because Defendants knowingly and intentionally used counterfeits, copies, reproductions or colorable imitations of Plaintiff's marks, this is an exceptional case within the meaning of 15 U.S.C. § 1117 *et seq.*, including treble damages for counterfeiting Plaintiff's mark.

## AS AND FOR A SECOND CLAIM
## AGAINST DEFENDANTS
### (False Designation of Origin 15 U.S.C. § 1125(a))

62.     Plaintiff repeats, realleges and reiterates each and every allegations contained in Paragraphs "1" though "61" of the Complaint.

63.     Plaintiff has common law trademark rights in the Donna L'Oren mark and its derivatives by virtue of its use of these marks in commerce in connection with men's and women's clothing, lingerie and women's sleepwear.

64.     Plaintiff has built tremendous goodwill in its Donna L'Oren mark, which goodwill represents a substantial and valuable business asset.

65.     Defendants have marketed, developed, advertised, sold and managed, and continue to market, develop, advertise, operate, manage and sell clothing using the Donna L'Oren mark. These goods and services are advertised or otherwise held out to the world through online, including at least through Defendants' websites, and in print.

66.     Defendants' use of the Donna L'Oren mark is done without the authorization or consent of Plaintiff and constitutes false designation of origin, unfair competition, or false advertising under 15 U.S.C. § 1125(a). Consumers have been, and are likely to continue to be, confused, mistaken or deceived as to the origin of Defendants' goods and services, believing that such goods and services are those of Plaintiff, or are otherwise approved or sponsored by Plaintiff. Consumers are also likely to be deceived into believing that there is an affiliation, connection or association between Plaintiff and Defendants.

67.     Plaintiff has been damaged by Defendants' use of the Donna L'Oren mark and it will continue to suffer damage and irreparable harm, for which it has no adequate remedy at law, unless Defendants are immediately and permanently enjoined from any further use of the Donna L'Oren mark and any further marketing, advertising, designation or reserving of products bearing the Donna L'Oren mark.

68.     Defendants have wrongfully profited from its use of the Donna L'Oren mark through their production, sale and marketing of products bearing the Donna L'Oren mark.

69.     Defendants' actions, either individually or joint and severally, as alleged herein, constitute willful infringement.  Defendants' infringements have continued despite their actual knowledge of Plaintiff's trademark rights and, upon information and belief, have been done with the intent to cause confusion, mistake or deception.

70.     Plaintiff is entitled to an injunction against all Defendants from the continued use of the Donna L'Oren mark and an accounting to determine the gross sales made by Defendants, and the compensatory and punitive damages suffered by Plaintiff's Donna L'Oren mark in an amount to be determined at trial, including interest, costs, and attorney fees.

71.     Defendants' actions, as alleged herein, render this case an exceptional case within meaning of 15 U.S.C. § 1117 *et seq.*, including treble damages for counterfeiting Plaintiff's mark.


### AS AND FOR A THIRD CLAIM
### AGAINST DEFENDANTS
### (Dilution Pursuant 15 U.S.C. §1125(c))

72.     Plaintiff repeats, realleges and reiterates each and every allegation contained in Paragraphs "1" though "71" of the Amended Complaint.

73.     This is an action for dilution of the Donna L'Oren Mark under Section 43 of the Lanham Act, 15 U.S.C. § 1125(c).

74.     Plaintiff has used the Donna L'Oren Mark continuously since at least as early as December, 2000, and, upon information and belief, for at least approximately twenty years prior to Defendants' first use of the Infringing Donna L'Oren Mark.  The Donna L'Oren Mark has become famous in clothing for men's and women's sport clothing, lingerie and sleepwear as a result of Plaintiff's extensive, continuous and exclusive use of the Donna L'Oren Mark in connection with its clothing business.  Defendants' actions described herein constitute trademark dilution.

75.     Plaintiff has no control over the quality of the Defendants' products, services, websites, advertising and other promotional materials, their use of the Infringing Donna L'Oren Mark and their misappropriation of the Donna L'Oren name.  As a result, the distinctive qualities of Plaintiff's Donna L'Oren Mark are being and will continue to be diluted in violation of 15 U.S.C. §1125(c).

76.     Defendants' wrongful conduct constitutes an extreme threat to the distinctiveness of Plaintiff's Donna L'Oren Mark.  The distinctive nature of the Donna L'Oren Mark is of substantial value, and Plaintiff is suffering and will continue to suffer irreparable harm and blurring of the Donna L'Oren Mark if Defendants' wrongful conduct is allowed to continue.

77.     Defendants' improper use of the Infringing Donna L'Oren Mark will likely continue unless enjoined by this Court.

78.     Plaintiff is entitled to a temporary and permanent injunction against Defendants, as well as all other remedies available pursuant to the Lanham Act including, but not limited to, compensatory damages, punitive damages, treble damages, disgorgement of profits, costs and attorney's fees.

### AS AND FOR A FOURTH CLAIM
### AGAINST DEFENDANTS
#### (Federal Unfair Competition Pursuant to 15 U.S.C. §1125(a))

79.     Plaintiff repeats, realleges and reiterates each and every allegation contained in Paragraphs "1" though "78" of the Amended Complaint.

80.     Plaintiff first adopted and used the Donna L'Oren Mark in marketing, advertising and selling to identify its men's and women's clothing, lingerie and sleepwear as a source of high quality clothing, lingerie and sleepwear.  Consumers associate the origin of Plaintiff's clothing, lingerie and sleepwear with the Donna L'Oren Mark as being developed, provided and sold by Plaintiff.

81.     Defendants, individually or jointly and severally, are also using the Infringing Donna L'Oren Mark in connection with the Infringing Goods.  Defendants' use of the

Infringing Donna L'Oren Mark is causing or is likely to cause customer confusion as to the source or the origin of Defendants' products. Additionally, Defendants are competing with Plaintiff in similar geographical markets.

82. Defendants, individually or jointly and severally, are engaging in unfair acts of competition in violation of Federal common law.

83. Defendants' use of the Infringing Donna L'Oren Mark is causing and will continue to cause damage to Plaintiff including, but not limited to, irreparable harm.

84. Plaintiff is entitled to a temporary and permanent injunction against Defendants from the continued use of the Donna L'Oren Mark and an accounting to determine the gross sales made by Defendants, as well as other remedies including, but not limited, compensatory and punitive damages suffered by Plaintiff, treble damages and disgorgement of profits in an amount to be determined at trial, including interest, costs, and attorney fees.

## AS AND FOR A FIFTH CLAIM
## AGAINST DEFENDANTS
### (Dilution Pursuant to NY Law)

85. Plaintiff repeats, realleges and reiterates each and every allegations contained in Paragraphs "1" though "84" of the Complaint.

86. Plaintiff is the sole holder and owner of the rights to the Donna L'Oren mark and those derived or otherwise related marks thereto.

87. The Donna L'Oren Mark has become the means by which Plaintiff and its services are identified by the public and distinguish it from other businesses and services, and the Donna L'Oren Mark has come to symbolize a valuable good will for which Plaintiff enjoys.

88.     The Donna L'Oren Mark has acquired in connection with men's and women's clothing, lingerie and sleepwear, a secondary meaning and is associated in the public mind with and connotes Plaintiff.

89.     The Donna L'Oren mark has a truly distinctive quality.

90.     The Donna L'Oren mark has acquired secondary meaning.

91.     Defendants' unauthorized use of the Donna L'Oren mark creates and has been creating an association, in the mind of the consumer, with Defendants and not Plaintiff causing a lessening of the distinctiveness of Plaintiff's Donna L'Oren mark.

92.     Defendants' unauthorized use of the Donna L'Oren mark creates and is causing a likelihood of dilution.

93.     As a result of the foregoing dilution, Plaintiff has been damaged and suffers great damage not fully measurable in money terms and will continue to suffer irreparable damage, and Defendants made and will continue to make sales and profits that equitable belong to Plaintiff.   Plaintiff is entitled to an accounting to determine the gross sales made by Defendants, and the compensatory and punitive damages suffered by Plaintiff's Donna L'Oren mark in an amount to be determined at trial, including interest, costs, and attorney fees.

## AS AND FOR A SIXTH CLAIM
## AGAINST DEFENDANTS
### (Unjust Enrichment)

94.     Plaintiff repeats, realleges and reiterates each and every allegations contained in Paragraphs "1" though "93" of the Complaint.

95.     Through Defendants' wrongful acts, Defendants received and used Plaintiff's property, i.e. the Donna L'Oren mark, to which Defendants were not entitled to use.

96.     Defendants used the Donna L'Oren mark that rightfully belonged to Plaintiff.

97.     If Plaintiff does not recover Defendants' profits or compensation for the use which Defendants have not paid, then Defendants will be unjustly enriched.

98.     A benefit was bestowed upon Defendants who obtained such benefit without adequately compensating Plaintiff.

99.     Circumstances are such that equity and good conscience requires that Defendants makes payment to Plaintiff.

100.    By reason of the foregoing, Plaintiff has been damaged and suffers great damage not fully measurable in money terms and will continue to suffer irreparable damage, and Defendants made and will continue to make sales and profits that equitable belong to Plaintiff. Plaintiff is entitled to an accounting to determine the gross sales made by Defendants, and the compensatory and punitive damages suffered by Plaintiff's Donna L'Oren mark in an amount to be determined at trial, including interest, costs, and attorney fees.


### AS AND FOR A SEVENTH CLAIM
### AGAINST DEFENDANT
### (Consumer Fraud pursuant to GBL §349, *et seq.*)

101.    Plaintiff repeats, realleges and reiterates each and every allegation contained in paragraphs "1" through "100" with the same force and effect as if they were set forth at length herein.

102.    Defendants' use of the Donna L'Oren mark without permission and passing them off as its own, perpetrates a fraud on consumers.

103.    As a result of Defendants' actions, Defendants are in violation of New York State General Business Law §349, *et seq*.

104.    By reason of the foregoing, Plaintiff suffered great damage and is entitled to all remedies of New York State's consumer fraud statutes, GBL §349, *et seq.*, costs, interest, and attorney fees.


## AS AND FOR A EIGHTH CLAIM
## AGAINST THE SPORTLIFE DEFENDANTS
### (Trademark Cancellation/Barred by 15 U.S.C. § 1052(d))

105.    Plaintiff repeats, realleges and reiterates each and every allegation contained in paragraphs "1" through "104" with the same force and effect as if they were set forth at length herein.

106.    Plaintiff is being and will be injured, including as a result of a likelihood of confusion of dilution by blurring or dilution by tarnishment, by the registrations of the Sportlife Defendants' Infringing Donna L'Oren Mark.

107.    The USPTO should never have approved for publication the Sportlife Defendants' Infringing Donna L'Oren Mark because it consists of a trademark previously used in the United States of America that when used in connection with goods will likely cause confusion when used in connection with the goods of the Sportlife Defendants and to deceive the origins of the goods.  When the Sportlife Defendants filed their applications for the Infringing Donna L'Oren Mark, Plaintiff was and still using the identical Mark throughout the United States in connection with men's and women's clothing, lingerie and sleepwear.

108.    Therefore, the federal applications and registrations for the Sportlife Defendants' Infringing Donna L'Oren Mark should be canceled.

## AS AND FOR A NINTH CLAIM
## AGAINST THE SPORTLIFE DEFENDANTS
### (False and Fraudulent Application Under 15 U.S.C. § 1064(3))

109.    Plaintiff repeats, realleges and reiterates each and every allegation contained in paragraphs "1" through "110" with the same force and effect as if they were set forth at length herein.

110.    The Sportlife Defendants fraudulently obtained notices of allowance for its trademark applications.

111.    In it trademark applications for the Infringing Donna L'Oren Mark, the Sportlife Defendants declared under the penalty of punishment by fine or imprisonment, that to "the best of his/her knowledge and belief *no other person, firm, corporation, or association has the right to use the mark in commerce*, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive" (emphasis added).

112.    On information and belief, the Sportlife Defendants knowingly and fraudulently made that material representation with the intent to deceive the USPTO.

113.    On information and belief, when the Sportlife Defendants submitted their verified statement for its applications, they knew that Plaintiff had the exclusive rights to use the mark and that if the USPTO granted the Sportlife Defendants' application it would cause confusion between both marks.

114.    Had the Sportlife Defendants disclosed to the USPTO its knowledge regarding Plaintiff use, the USPTO would have denied the application under 15 U.S.C. § 1052(d).

115.    Therefore, the applications for the Infringing Donna L'Oren Mark should

be canceled in accordance with 15 U.S.C. § 1064(3).


**WHEREFORE,** Plaintiff demands judgment against all Defendants as follows:

A.    For a judgment in favor of Plaintiff and against all Defendants as to the FIRST through SEVENTH Claims;

B.    For a judgment in favor of Plaintiff and against the Sportlife Defendants as to the EIGHTH through NINTH Claims;

C.    For a preliminary and permanent injunction restraining and enjoining all Defendant, and their agents, servants, employees, distributors, and all others in active concert or participation with Defendants, from using the Donna L'Oren mark, including, but not limited to, use of the mark on any clothing, including but not limited to women's clothing, sleepwear, sportswear, lingerie and men's sportswear, or in connection with any men's or women's clothing on Defendants' or their affiliates websites, social media, or in any advertisement, marketing, or promotion of Defendants' companies or clothing or any other clothing or other Infringing Goods, on Defendants' or their affiliates websites, social media, or in any advertisement, marketing, or promotion of Defendants' companies or their goods and services for men's and women's clothing;

D.    For an order, pursuant to 15 U.S.C. §1118, directing that all Defendants deliver for destruction all labels, signs, prints, brochures, receptacles, and advertisements or other materials in its possession or under their control, bearing the Donna L'Oren mark;

E.    For a monetary award pursuant to 15 U.S.C. §1117 of damages suffered by Plaintiff, plus any profits earned by all Defendants as a result of its sales, of men's and women's clothing or other goods and services bearing the infringing mark, in an amount to be proven at trial;

F.    For an award of augmented or trebled damages or profits pursuant to 15 U.S.C. §1117;

G.    For an award of statutory damages pursuant to 15 U.S.C. §1117(d);

H.    Cancelling the federal registration for the Infringing Donna L'Oren Mark trademarks and ordering the Clerk of the Court to certify a copy of the order and to forward it to the Commissioner of Trademarks for appropriate entry;

I.     For an award of attorneys' fees and litigation expenses and costs to the maximum extent allowed by law; and

J.     Awarding Plaintiff such other and further relief that this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rules of Civil Procedure 38, Plaintiff hereby demands a jury trial on all issues so triable.

Dated: Bayside, New York
       December 6, 2019

Yours, etc.,
JOEL SCOTT RAY, ESQ.

*/s/ Joel Scott Ray*
By:    Joel Scott Ray, Esq.
*Attorneys for Plaintiff*
16-06 200th Street
Bayside, NY 11360
Tel. (917) 748-5615

TO:

SPORTLIFE BRANDS LLC
42nd West 39th Street
New York, NY 10018

ELIE LEVY
42nd West 39th Street
New York, NY 10018

EDDIE DAYAN
42nd West 39th Street
New York, NY 10018

MICHAEL KASSIN
42nd West 39th Street
New York, NY 10018

BLACKVIEW CAPITAL, LLC,
164 West 174th Street
Bronx, NY 10453

AMAZON.COM INC.
C/O Corporation Service Company
300 Deschutes Way SW, Suite 304
Tumwater, WA 98501
Attn: Legal Department

BEALL'S OUTLET STORES, INC.
1806 38th Avenue
East Bradenton, FL 34208

BOSCOV'S INC.
c/o CSC Corporation Service Company
80 State Street
Albany, NY 12207

BURLINGTON STORES, INC.
1830 US-130
Burlington, NJ 08016

FOREVER BRANDS LLC
42nd West 39th Street
New York, NY 10018

GROUPON INC.
c/o CT Corporation System
28 Liberty Street
New York, NY 10005

MARSHALLS OF MA, INC.,
c/o CT Corporation System
28 Liberty Street
New York, NY 10005

MOBESANO LLC,
1 43rd street, Suite L9
Brooklyn, NY 11232

NORDSTROM INC.
1700 Seventh Avenue, Ste. 700
Seattle, WA 98101

ROSS STORES, INC.
5130 Hacienda Drive
Dublin, CA 94568

STARWOOD BRANDS LLC
43rd West 33r Street
New York, NY 10018

T.J. MAXX INC.
770 Cochituate Road
Framingham, MA 01701